UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RODERICK EARL VANGA,<br><br>    Defendant. | No.  2:14-cr-00184-GEB<br><br>**TRIAL CONFIRMATION ORDER** |

       Trial in the above-captioned case, scheduled to commence on October 7, 2014, at 9:00 a.m., was confirmed at the hearing held on August 29, 2014.

**EVIDENTIARY DISPUTES**

       All evidentiary disputes capable of being resolved by in limine motions shall be set forth in such motions no later than September 16, 2014. Oppositions to the motions or statements of non-opposition shall be filed no later than September 23, 2014. Reply briefs shall be filed no later than September 30, 2014. Hearing on the motions will commence at 9:00 a.m. on October 3, 2014.

       Any reasonably anticipated dispute concerning the admissibility of evidence that is not briefed in an in limine motion shall be included in trial briefs. E.D. Cal. R. 285(a)(3).

**TRIAL PREPARATION**

A. No later than five court days before trial, the following documents shall be filed:[1]

    (1) proposed jury instructions and a proposed verdict form;

    (2) proposed voir dire questions to be asked by the Court;

    (3) trial briefs; and

    (4) a joint statement or joint proposed jury instruction that can be read to the jury during voir dire that explains the nature of the case.

B. The government's exhibits shall be numbered with stickers. Should the defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers. The parties may obtain exhibit stickers by contacting the Clerk's Office.

C. The parties estimate it will take approximately three (3) court days to try the case, which includes closing arguments. Each side indicated ten (10) minutes is sufficient for voir dire, which may be used after the judge completes judicial voir dire. Two (2) alternate jurors will be empaneled.

The "struck jury" system will be used to select the jury. The struck jury system is "designed to allow both the prosecution and the defense a maximum number of peremptory challenges. The venire . . . start[s] with about 3[6] potential jurors, from which the defense and the prosecution alternate[]

---

[1] Defendant need not file a trial brief and/or proposed jury instructions if he has tactical or other reasons for not complying with this portion of the order.

2

with strikes until a petite panel of 12 jurors remain[s]." Powers v Ohio, 499 U.S. 400, 404-05 (1991); see also United States v. Esparza-Gonzalez, 422 F.3d 897, 899 (9th Cir. 2005) (discussing the "struck jury" system).

The Jury Administrator randomly selects potential jurors and places their names on a list that will be provided to each party in the numerical sequence in which they were randomly selected. Each juror will be placed in his or her randomly-selected seat. The first 12 jurors on the list will constitute the petit jury unless one or more of those 12 is excused for some reason. Assuming that the first listed juror is excused, the thirteenth listed juror becomes one of the twelve jurors.

The Courtroom Deputy will give each juror a large laminated card on which their number is placed. When questions are posed to the jurors as a group, they will be asked to raise their number if they have a response. Generally, jurors will be given an opportunity to respond in numerical order.

Following the voir dire questioning, each side will take turns exercising its peremptory strikes. The parties will be given a sheet of paper ("strike sheet") upon which they shall silently exercise their peremptory strikes, commencing with the Defendant, by passing the strike sheet back and forth until all peremptory challenges are used or waived.[2] If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.[3]

---

[2]   Prospective alternate juror peremptory challenges "may be used only to remove alternate jurors." Fed. R. Crim. P. 24(c)(4).
[3]   See Esparza-Gonzalez, 422 F.3d at 899 (9th Cir. 2005) (discussing waiver of peremptory challenges in "struck jury system"); see generally United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating "'use it or lose

Any party challenging how a peremptory strike is exercised under Batson v. Kentucky, 476 U.S. 79, 87-98 (1986), should make the challenge immediately upon it becoming ripe by requesting to approach the bench to discuss a jury selection issue.

The parties agreed to retain the alternate jurors after the jury retires to deliberate, and that the alternate jurors are no longer required to appear in court unless directed to appear by the courtroom deputy.

D.   It was agreed at the confirmation hearing that each side has up to ten (10) minutes to make an opening statement and up to sixty (60) minutes to make a closing argument. The government may decide how to allocate its total time for closing argument between its opening and rebuttal arguments.[4]

IT IS SO ORDERED.

Dated: August 29, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

it' voir dire practice" is authorized if "the composition of the panel" does not change).

[4] See United States v. Patterson, 678 F.2d 774, 781 (1982) (discussing the district court's discretion in limiting the length of closing arguments).