UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>RODERICK EARL VANGA,<br><br>            Defendant. | No. 2:14-cr-00184 WBS<br><br><br>ORDER |

----oo0oo----

Defendant Roderick Earl Vanga has filed an Emergency Motion for Reduction in Sentence and Compassionate Release, which seeks his release under 18 U.S.C. § 3582(c)(1)(A).  (Docket No. 111.)

A defendant may obtain such relief only through a motion by the Director of the Bureau of Prisons or upon the defendant's own motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

1

the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).

This administrative exhaustion requirement is mandatory.  See, e.g., United States v. Meron, No. 2:18-cr-209 KJM (E.D. Cal. Apr. 14, 2020) (citing United States v. Carver, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020)); United States v. Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020); see also Gallo Cattle Co. v. U.S. Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court.").

Here, defendant made a request to the Bureau of Prisons for his release based on his medical condition due to multiple sclerosis and related conditions.  That request was denied in 2016.  However, that request did not present the same factual basis as the present motion because it did not address the current situation due to COVID-19.  The court's analysis in United States v. Mogavero, No. 215-cr-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) is instructive.  There, the defendant had made a request for compassionate release based on her cancer diagnosis, and the request had been denied 15 months prior to her new motion, which was based on her cancer and COVID-19 exposure risks.  The court explained that "this new calculus was not presented to the warden," and thus the defendant had not exhausted the administrative process with the warden

before submitting the new warden.  The court further explained:

> Exhaustion would have served a key purpose in this case in particular.  The BOP is uniquely suited to understand [defendant's] current health and circumstances relative to the rest of the prison population and identify extraordinary and compelling reasons for her release.  It would have access to her most up-to-date medical information to do so, and it would know the particular COVID-19 risks that she faces because it is aware of the protocols being implemented at the medical facility she is housed at.

Id. at *2 n.19.

Similarly, here, while defendant presented his then-current health condition due to multiple sclerosis to the warden previously, the prior request did not address exposure to COVID-19, nor any worsening of his condition that may have occurred since then.  Accordingly, defendant has not exhausted his administrative remedies, and the court will deny the motion without prejudice upon that ground.[1]

Even assuming defendant had exhausted his administrative remedies for a compassionate release request under 18 U.S.C. § 3582(c)(1)(A), defendant must show there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission" under 18 U.S.C. § 3582(c)(1)(A).  Although defendant's health condition does appear to present a relatively serious physical or medical condition, defendant has not shown that the condition "substantially diminishes the ability of the defendant to provide self-care

---

[1]  Defendant represents in his motion that he presented the additional ground of COVID-19 to the warden at the same time as the filing of the motion (Mot. 9), though thirty days have not yet passed since the filing of this motion.

3

within the environment of a correctional facility." See U.S.S.G. § 1B1.13, comment 1(A).  Further, since the filing of this motion, defendant has been transferred to home confinement, addressing the "individualized danger COVID-19 poses to him." See Mot. at 9.  Overall, the court does not find that defendant has presented extraordinary and compelling reasons for a sentence reduction.[2]

IT IS THEREFORE ORDERED that defendant's motion for reduction in sentence and compassionate release (Docket No. 111), be, and the same hereby is, DENIED.

Dated:  June 23, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] The court acknowledges defendant's argument that notwithstanding his transfer to home confinement, he may be transferred back to federal prison without notice.  The court will not speculate on the likelihood of that occurrence. Right now defendant's position is not unlike that of many other non-prisoners who find themselves sheltered at home due to COVID-19. If that should change, and he is transferred back to the physical custody of the Bureau of Prisons, he will be free to present a new request for compassionate release.